```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| KASEEM ALI-X, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 10-4666 (JBS/JS) |
| v. | |
| GEORGE HAYMAN, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, Chief District Judge:

    This matter is before the Court upon the motion of Plaintiff Kaseem Ali-X for reconsideration. [Docket Item 115.] Specifically, Plaintiff asks the Court to reconsider its opinion and order granting the Defendants Karen Balicki, Jester, Fawcett, Abbott and Saul's (collectively "Defendants") motion for summary judgment. [Docket Items 111 and 112.]  The Court finds as follows:

    1. Plaintiff Kaseem Ali-X ("Plaintiff") is a prisoner incarcerated in the New Jersey Department of Corrections ("NJDOC") at the South Woods State Prison ("SWSP").  Plaintiff filed his original complaint on September 13, 2010, and has since filed two amended complaints.  In his Second Amended Complaint, the Plaintiff alleged the Defendants violated his Eighth Amendment rights by failing to protect him from second-hand smoke.  Specifically, the Plaintiff alleged that he was frequently housed with cell mates who, in violation of the

NJDOC's smoking policy, smoked inside the cell.  Plaintiff alleged that he complained about the smoking in his cell to Defendants Jester, Fawcett, Abbott and Saul and these Defendants took no action to remedy the situation.  Plaintiff further asserted that he suffers from medical conditions which were exacerbated by his exposure to second-hand smoke.  Plaintiff brought a common law negligence claim against Defendant Karen Balicki, the Administrator of SWSP, because Balicki allegedly permitted smoking in SWSP and disregarded Plaintiff's argument that tobacco should be considered "contraband" and not allowed in the prison at all.

  2.  The Defendants moved for summary judgment and argued, among other things, that the Plaintiff failed to exhaust his administrative remedies and that Defendant Balicki was immune under the New Jersey Tort Claims Act, N.J.S.A 59:1-1, et al. ("NJTCA").  The Plaintiff opposed the motion and filed several exhibits consisting of previous grievances filed with the prison. The Plaintiff argued that he was prevented from exhausting his administrative remedies because the prison administrators failed to process his grievances.

  3. The Court issued an opinion and order granting the Defendants' motion for summary judgment.  [Docket Item 111 & 112.]  After reviewing the extensive record, the Court concluded that NJDOC's IRF system was available to the Plaintiff and the

Plaintiff failed to exhaust his administrative remedies. Specifically, the Court found that the Plaintiff never followed through with the instructions on the Corrective Action Forms he received and did not resubmit his grievances in compliance with the IRF system. Therefore, the Court dismiss Plaintiff's 42 U.S.C. § 1983 claim challenging his conditions of confinement under the Eighth Amendment.

    4. In reaching this conclusion, the Court reviewed the 114 grievance forms submitted by the Defendants which were properly filed and processed as well as the 7 grievance forms submitted by the Plaintiff which were returned with a Corrective Action Form because they were not properly filed. The Court found that of the 114 IRFs that were filed and processed, Plaintiff administratively appealed the initial staff response for seven of them, consequently exhausting his administrative remedies for seven of the 114 IRFs. However, none of the seven IRFs that were appealed related to this matter or dealt in anyway with Plaintiff's cell assignment resulting in exposure to second hand smoke. Only one IRF related to the subject of second hand smoke. This IRF was forwarded to a department person on February 3, 2009 and returned to the Plaintiff with a response on February 10, 2009. The Plaintiff did not appeal the finding.

    5. The Court next reviewed the seven grievance forms submitted by the Plaintiff. All seven grievances sought the same

relief - to remove tobacco from the commissary and ban the sale of tobacco products. These grievances were directed against Karen Balicki, all Medical Department Personnel, or to no specific department or individual. None of these grievances sought reassignment to a non-smoking cell mate or complained that Defendants Jester, Fawcett, Abbott and Saul wrongfully assigned him to a smoking bunk. All seven of these grievances were returned to the Plaintiff unprocessed and accompanied by a Corrective Action Form ("CAF"). These CAFs informed the Plaintiff that his grievances could not be processed as filed and recommended various courses of action to correct the deficiency. Plaintiff, however, did not follow through with the grievance procedure and file a specific IRF against these officers alleging this misconduct.

6. Relying on Didano v. Balicki, 488 Fed. Appx. 634 (3d Cir. 2012)(holding prisoner failed to exhaust his administrative remedies when prisoner's grievance form was returned to him with a corrective action form and prisoner failed to proceed with the steps explained in the corrective action form), the Court concluded that the Plaintiff had failed to exhaust his administrative remedies because he declined to comply with the IRF procedure and follow the instructions on the Corrective Action Forms. The Court found that the Plaintiff was familiar with the IRF procedure since he had filed more than 100

4

grievances and successfully exhausted his claims on seven of them. The Plaintiff produced no evidence that he proceeded with the steps detailed in the Corrective Action Forms to properly file a grievance against Karen Balicki regarding her enforcement of the smoking policy at SWSP or her refusal to ban the sale of tobacco in the prison. The Plaintiff also provided no evidence that he exhausted his administrative remedies with regard to Defendants Jester, Fawcett, Abbott and Saul assigning him to a cell with a smoking inmate and ignoring his request to be transferred to a non-smoking cell.

7. Therefore, the Court granted the Defendants' motion for summary judgment as to Plaintiff's Section 1983 claims against the Defendants. The Court also found that Defendant Balicki was entitled to immunity under the New Jersey Tort Claims Act. Accordingly, the Court granted the Defendants' motion for summary judgment and dismissed all claims against the Defendant with prejudice.

8. Plaintiff then filed the instant motion for reconsideration pursuant to L. Civ. R. 7.1. [Docket Item 115.] The Plaintiff argues that the Court improperly granted summary judgment because there was a genuine issue of material fact as to whether Plaintiff was denied access to the grievance procedure. Plaintiff argues that "[t]he reason the grievances were not exhausted was because the system is broke." (Pl.'s Br. at 1.)

The Plaintiff then cites at length the standard for a 12(b)(6) motion to dismiss and that the Court should have construed all of Plaintiff's allegations as true.  The Plaintiff then argues that the Defendants failed to investigate and resolve his grievances and the Court should have found that the Defendants acquiesced in continuing violations of the Plaintiff's constitutional rights and denied summary judgment.[1]  Defendants oppose Plaintiff's motion and argue that the Plaintiff has failed to meet the standard for reconsideration and merely seeks to reargue his opposition to Defendants' motion for summary judgment.  [Docket Item 118.]

    9.  Local Civil Rule 7.1(i) governs the Court's review of Plaintiff's motion for reconsideration.  Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the  availability of new evidence that was not available when  the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

---

[1] Plaintiff does not challenge the Court's finding that Defendant Balicki was entitled to immunity under the New Jersey Tort Claims Act.

6

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Tehan v. Disability Management Services, Inc., 111 F. Supp. 2d 542, 549 (D.N.J. 2000).  To prevail under the third prong, the  movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered."  P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal  quotations and citations omitted).  The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly.  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J.1994); Maldonado v. Lucca, 636 F. Supp. 621, 629 (D.N.J. 1986).

    10.  Here, the Plaintiff has provided no new change in the law, no new evidence and has not presented dispositive factual matters or controlling decisions of law that were overlooked by the Court.  The Plaintiff merely seeks to relitigate the issues that were already decided.  In support of his motion, the Plaintiff cites the wrong standard and urges the Court to apply the more lenient motion to dismiss standard rather than the appropriate standard governing motions for summary judgment.  The Plaintiff still provides no support for his assertion that he was blocked from exhausting his administrative remedies.  The record is clear that all of Plaintiff's grievances were reviewed and the seven grievances that were returned to the Plaintiff were

returned with Corrective Action Forms.  The Plaintiff chose not to follow through with the corrective action.  This does not evidence the Defendants' failure to investigate his claims.  Rather, this evidences the Plaintiff's failure to comply with the procedures of the IRF system after his claims were reviewed and found to be improperly filed.

     11.   The Plaintiff has failed to meet the standard for reconsideration.  Accordingly, Plaintiff's motion will be denied.  The accompanying Order will be entered.

**July 15, 2013**                           **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                             Chief U.S. District Judge